UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATIE L. SANDERSON, an individual and the natural mother and guardian of M.T., a minor,<br><br>      Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Corporation; GENERAL ELECTRIC COMPANY, a New York Corporation; and DOES I-X, unknown parties,<br><br>      Defendants. | Case No. 1:23-cv-00105-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is the Plaintiff's unopposed motion, "Application for Approval of Payment of Settlement." (Dkt. 36). Defendants Amazon.com Services LLC and General Electric Company have notified the Court that they do not oppose the motion. (Dkts. 37, 38). For the reasons below, the Court will grant the motion.

## I.    BACKGROUND

On June 29, 2022, M.T. (a minor child) removed several dead batteries from a light produced by Defendant General Electric Company ("GE"), inserted three batteries sold by Defendant Amazon.com Services LLC ("Amazon.com") into the GE light, and suffered multiple injuries when one of the batteries exploded, according to Plaintiff's complaint. (Dkt. 19 at p. 3). Plaintiff alleges M.T. suffered inferior, lateral, and medial corneal burns to his right eye, first-

degree burns to his face around his right eye and eyelid, and other severe injuries. (*Id.*). On January 10, 2023, Plaintiff Katie Sanderson, M.T.'s natural mother and guardian, filed a complaint on M.T.'s behalf in Elmore County District Court against Amazon, Amazon.com, and Amazon Basics. (Dkt. 4-2). Plaintiff alleged product liability, strict liability, negligence, breach of warranties, and negligent infliction of emotional distress. (*Id.*). Defendants subsequently removed the case to this Court. (Dkt. 1). On September 26, Plaintiff filed an amended complaint alleging similar claims against Amazon.com, removing Amazon and Amazon Basics as parties, and adding GE as a defendant, among other changes. (Dkt. 19).

On or about September 13, 2024, the parties agreed to resolve the case. (Dkt. 36 at p. 2). On December 2, the Elmore County Magistrate Court appointed Katie Sanderson as conservator of M.T. (*Id.*). The same day, the Magistrate Court issued the "Order Approving Minor's Compromise," describing how settlement funds shall be distributed. (*Id.*). Plaintiff filed a copy of the order under seal with this Court.

On December 10, Plaintiff filed the instant motion, "Application for Approval of Payment of Settlement" (Dkt. 36), requesting that this Court approve the settlement of M.T.'s claims against Amazon.com and GE, according to the terms in the Order Approving Minor's Compromise. (*Id.*). The specific terms of the settlement remain under seal. Defendants Amazon.com and GE have notified the Court that they do not oppose Plaintiff's motion. (Dkts. 37, 38).

## II.   LEGAL STANDARD

District courts have a special duty to safeguard the interests of minor litigants. *See* Fed. R. Civ. P. 17(c); Idaho Loc. Civ. R. 17.1; *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). "[T]he enforceability of a contract in settlement of litigation involving a minor party

depends upon the approval of a court . . . ." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978). Even if the settlement is negotiated or recommended by the minor party's guardian, a court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay*, 573 F.2d at 1080). As a part of this inquiry, a court considers "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. A court will not consider "the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

The Ninth Circuit has not explained whether *Robidoux* or state law shall apply when a district court, sitting in diversity jurisdiction, reviews a proposed settlement. *Sorensen v. Echo Rental Co.*, No. 2:21-CV-00272-BLW, 2024 WL 1258922, at *1 (D. Idaho Mar. 25, 2024) (citing *Robidoux*, 638 F.3d at 1079 n.2). In this case, however, an identical analysis applies under both standards. *Id.* at *2 ("Idaho law requires a similar inquiry into whether the settlement or compromise is in the best interest of the minor"). Idaho Code § 15-5-409a(5) states that "if the court finds the compromise is reasonable and in the best interest of the minor, the court may approve such compromise and may direct the money be paid . . . to the parents, guardian, trustee,

conservator, legal representative or the designated payee . . . ."[1] The central question under both standards is whether the settlement is in "best interest of the minor" and is "fair and reasonable, in light of the facts of the case, the minor's specific claims, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82; Idaho Code § 15-5-409a(5).

### III.   ANALYSIS

The Court finds the Plaintiff's settlement is in the best interests of the minor and is fair and reasonable. Plaintiff filed the terms of the settlement under seal.[2] While Plaintiff's instant motion does not contain a substantive argument in support of the proposed compromise, this Court may look to materials throughout the docket to evaluate M.T.'s settlement. *See, e.g.*, *McCue v. S. Fork Union Sch. Dist.*, No. 1:10-CV-00233-LJO, 2012 WL 2995666, at *3-4 (E.D. Cal. July 23, 2012) (explaining "[t]he Court was able to dig through the filings and determine" the required information in support of a minor's compromise). Plaintiff alleges that because of the battery explosion, M.T. suffered "inferior, lateral and medial corneal burns to his right eye, first degree burns to face around the right eye and eyelid and severe injuries." (Dkt. 19 at p. 3). All parties in

---

[1]   Idaho Code § 15-5-409a(4)(b) provides that "If the minor's claim is ten thousand dollars ($10,000) or more, the court shall set a hearing for approval of the compromise." M.T.'s claims exceed $10,000. The Elmore County Magistrate Court, case number CV2-24-01059, issued its Order Approving Minor's Compromise (Dkt. 36), after holding a hearing. *See* Elmore County Magistrate Court, Case No. CV20-24-01059, icourt.idaho.gov (accessed Dec. 30, 2024). Neither party has requested an additional hearing.

[2]   Plaintiff's motion cites the sealed Magistrate Court's Order Approving the Minor's Compromise as a summary of the settlement. The Court finds it appropriate to maintain the confidentiality of the settlement agreement because disclosure could harm Defendants' ability to litigate and/or negotiate future actions. *See Williams v. Amazon.com, Inc.*, No. CV20-408-KSM, 2023 WL 377885, at *1 n.5 (E.D. Pa. Jan. 24, 2023).

**MEMORANDUM DECISION AND ORDER - 4**

this case retained counsel, and all parties appear to have been aware of the strengths and weaknesses of their case. By seeking "fair and prompt compensation" through the proposed settlement, Plaintiff M.T. avoids the costs, delays, and risks associated with trial. *See J.D. v. Costco Wholesale Corp.*, 2022 WL 17176833, at *3 (S.D. Cal. Nov. 22, 2022). A settlement would quickly compensate M.T. for medical expenses, rather than prolong his recovery or impose additional stress on him or his family. Given these factors, the Court finds the proposed settlement is in M.T.'s best interests.

Judging from recoveries in comparable cases, the Court finds that M.T.'s recovery is fair and reasonable. The Court here has surveyed cases asserting similar claims and damages and having comparable settlement values as to minor litigants. This survey shows that courts have approved a range of settlements—from a few thousand dollars to over one million dollars—depending on the seriousness of the minor's injury. *See, e.g.*, *E.C., et al. v. Lincon Mill Prop. Mgmt. L.P., et al.*, No. 3:21-cv-2070-JES-BLM, 2023 WL 5055474, at *2 (S.D. Cal. Aug. 1, 2023) (approving a roughly $100,000 net balance for an annuity to settle a minor's claims related to abnormally hot water coming from a faucet); *E.K. v. Amazon.com Servs. LLC*, No. 2:21-cv-07604-VAP-JDEx, 2023 WL 2559228, at *2 (C.D. Cal. Mar. 7, 2023) (approving a minor's net recovery of roughly $1.8 million for the minor's injuries sustained after ingesting a battery); *J.D. v. Costco Wholesale Corp.*, No. 22-CV-1124-RBM-BLM, 2022 WL 17176833, at *2 (S.D. Cal. Nov. 22, 2022) (recommending a gross recovery of $5,000 for an overturned shopping cart breaking a minor's leg), *report and recommendation adopted*, No. 3:22-CV-01124-RBM-BLM, 2022 WL 17547785 (S.D. Cal. Dec. 9, 2022); *McLure v. Cyberonics, Inc.*, No. SACV 20-1242 JVS(JCGx), 2021 WL 4935159, at *2 (C.D. Cal. Feb. 4, 2021) (approving a $30,000 payment to the minor for

settling product liability claims for a medical device); *A.J. v. Marriott Vacations Worldwide Corp.*, No. SACV 18-1070 JVS, 2019 WL 2871164, at *3 (C.D. Cal. Apr. 5, 2019) (approving a $155,000 settlement for a minor injured by a spa drain cover). As M.T.'s net recovery falls within the range of recoveries in comparable cases, the Court finds M.T.'s compromise is fair and reasonable.

Given the abovementioned factors, the Court approves the settlement agreement.

## IV.   ORDER

**IT IS ORDERED that:**

1. "Plaintiff's Application for Approval of Payment of Settlement" (Dkt. 36) is **GRANTED**. The settlement proceeds shall be distributed according to the terms outlined in the sealed document at Dkt. 35.

DATED: January 03, 2025

Amanda K. Brailsford
U.S. District Court Judge